UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| VICENTE ALMARAZ, | ) | |
| Plaintiff(s), | ) | No. C09-5569 BZ |
| v. | ) | **ORDER GRANTING MOTION TO DISMISS** |
| J.P. MORGAN CHASE, et al., | ) | |
| Defendant(s). | ) | |

Defendants J.P. Morgan Chase Bank ("J.P. Morgan"), California Reconveyance Company ("California"), and Deutsche Bank moved to dismiss the complaint on December 22, 2010. Defendant Nestor Ramirez ("Ramirez") joined in the motion to dismiss on January 11, 2010. Pursuant to Civil Local Rule 7-3, if plaintiff elected to oppose the motion, his response was due January 27, 2010. No opposition has been filed.

The motion of defendant JP Morgan to dismiss the complaint is **GRANTED WITH LEAVE TO AMEND**. Having taken judicial notice of the purchase and assumption agreement between the FDIC and J.P. Morgan, I find that J.P. Morgan did not assume many of the claims against Washington Mutual which

1

plaintiff has alleged in his complaint.  Based on the poorly
pled allegations of the complaint, it is unclear whether
plaintiff claims J.P. Morgan directly violated any of
plaintiff's rights.  The claims plaintiff pled against
J.P. Morgan are inadequate and do not allow "the court to draw
the reasonable inference that the defendant is liable for the
misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949
(2009).  The complaint conflates the factual allegations
regarding J.P. Morgan and Washington Mutual.  Further,
plaintiff's practice of general, undirected allegations
hampers the Court's ability to decide whether plaintiff has
stated a claim against any defendant.[1]  Accordingly, J.P.
Morgan's motion to dismiss all claims is **GRANTED WITH LEAVE TO AMEND.**

Deutsche Bank's motion to dismiss is **GRANTED WITH LEAVE TO AMEND.**  The factual allegations concerning Deutsche Bank
are plainly inadequate.  See Id.  California's motion to
dismiss is **GRANTED WITH LEAVE TO AMEND** for the same reason.
The allegations regarding Ramirez are similarly conclusory,
unspecific, and inadequate under Iqbal.  Ramirez's motion to
dismiss is **GRANTED WITH LEAVE TO AMEND**.

The Court is troubled by the unfocused nature of some of
the allegations of the complaint, and plaintiff's failure to
file an opposition.  Plaintiff and his counsel are reminded of
their Rule 11 obligations.  If plaintiff wishes to prosecute

---

[1] J.P. Morgan's argument that it is not subject to liability for Washington Mutual's acts under the Asset Purchase Agreement is well taken.

this action, he shall file an amended complaint by **FEBRUARY 24, 2010**. The hearing scheduled for **FEBRUARY 17, 2010 is VACATED.**

Dated: February 16, 2010

                                      Bernard Zimmerman
                          United States Magistrate Judge

G:\BZALL\-BZCASES\ALMAREZ V. JP MORGAN CHASE\DISM ORD.wpd